IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT A. GARCIA,

        Plaintiff,

v.                                                           CIV No. 18-0047 KG/LF

UNITED STATES OF AMERICA, and
UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,

        Defendants.

MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*,
DENYING MOTION TO APPOINT COUNSEL AND
<u>DISMISSING THE CASE WITHOUT PREJUDICE</u>

THIS MATTER comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 16, 2018 ("Application"), on Plaintiff's Motion to Appoint Counsel, Doc. 4, filed January 17, 2018, and on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed January 16, 2018 ("Complaint"). For the reasons stated below, the Court will GRANT Plaintiff's Application, DISMISS this case without prejudice for lack of subject-matter jurisdiction, and DENY the Motion to Appoint Counsel as moot.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and stated: (i) his average monthly income during the past 12 months is $1,415.00; (ii) his average monthly expenses total $2,223.00;[1] (iii) he is unemployed; (iv) he has no cash and no money in bank accounts; and (v) his only asset is a motor vehicle. The Court finds Plaintiff is unable to pay the costs of these proceedings because his monthly expenses exceed his monthly income and because he presently has no cash and no money in bank accounts. *See Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948) (While a litigant need not be "absolutely destitute…an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life").

---

[1] Plaintiff indicates that his estimated monthly expenses include $530.00 for "Recreation, entertainment, newspapers, magazines, etc." Application at 4. The Court is granting Plaintiff's Application because: (i) even without the recreation expenses, Plaintiff's other monthly expenses of $1,693.00 exceed his monthly income; and (ii) Plaintiff currently has no cash or money in bank accounts. *See Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) ("[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status").

**Jurisdiction**

Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Plaintiff alleges that doctors with the United States Department of Veterans Affairs overprescribed him medication and did not provide proper medical care. It appears that Plaintiff is asserting a medical malpractice claim pursuant to the Federal Tort Claims Act ("FTCA").

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). Plaintiff's Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure.

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (quoting *McNeil v. United States,* 508 U.S. 106, 113 (1993)). The FTCA states, in relevant part, that

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). "This exhaustion requirement is jurisdictional and cannot be waived." *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016). "In other words, the FTCA bars would-be tort plaintiffs from bringing suit against the government unless the claimant has

previously submitted a claim for damages to the offending agency, because Congress wants agencies to have an opportunity to settle disputes before defending against litigation in court." *Smoke Shop, LLC v. United States,* 761 F.3d 779, 786 (7th Cir.2014) (citing *McNeil,* 508 U.S. at 112 & n. 7).

There is no indication in the Complaint that Plaintiff has exhausted his administrative remedies. There are no allegations that Plaintiff filed a claim with the appropriate agency which includes: (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim. *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (stating jurisdictional statute can be satisfied by claimant filing written statement describing injury and requesting sum certain in damages). Nor are there any allegations that the appropriate agency finally denied his claim. Furthermore, where the form Complaint prompts Plaintiff to indicate whether Plaintiff has "previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of," Plaintiff responded "No." Complaint at 4.

The Court will dismiss the Complaint without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and

4

perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants because this case will be dismissed.

**Motion to Appoint Counsel**

Because it is dismissing this case for lack of subject-matter jurisdiction, the Court will deny the Motion to Appoint Counsel as moot.

**Filing Other Documents**

When Plaintiff filed his Complaint, he also submitted several hundred pages of other documents that he wanted to file as exhibits. Exhibits are not to be attached to a Complaint unless they form the basis for the action, such as a contract. *See* D.N.M.LR-Civ. 10.4. While those documents may be evidence supporting Plaintiff's claim for relief, they need not be attached as exhibits to his Complaint. *See* Fed. R. Civ. P. 8(a)(2) (a complaint that states claim for relief must contain short and plain statement of claim showing that the plaintiff is entitled to relief). Those other documents appear to be originals and not copies so the Court will order the Clerk to return those documents to Plaintiff.

IT IS ORDERED that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 16, 2018, is GRANTED;

(ii) Plaintiff's Motion to Appoint Counsel, Doc. 4, filed January 17, 2018, is DENIED as moot;

(iii) the Clerk shall return to Plaintiff the other documents that Plaintiff submitted when he filed his Complaint; and

(iv) this case is DISMISSED without prejudice for lack of subject-matter jurisdiction.

_____
UNITED STATES DISTRICT JUDGE